By the Court.
The complaint has three counts. The first (and the only one to be considered on this appeal) is on a promissory note made by Gr. F. Beakley and the defendant to plaintiff. To this count the defendant answered that she signed as surety to Beakley, of which plaintiff at the time had notice; and that the note had been paid and satisfied. This answer was served by mail April 17, 1886, the action having been commenced March third. A reply to a counter-claim in the answer was served June second.
On the sixth of August the defendant gave notice of a motion for leave to serve a supplemental answer. The motion was heard August twenty-fourth and was denied. The defendant appeals.
The facts alleged in the proposed supplemental answer are as follows^ that March, 1886, Beakley commenced an action in a justices court against Dusty for services claiming forty-five dollars; that Dusty answered and denied the cause of action but did not set up as a counter-claim the promissory note set forth in the first count in this action; that the cause was tried May twelfth and a judgment rendered in Beakley’s favor for”$36.80 damages; and execution issued and returned unsatisfied June twenty-first; that the defendant in this action signed the note as surety for Beakley, of which plaintiff had notice at the time.
The defendant claims that by a neglect to interpose this *700 note as a counter-claim in the justice’s court Dusty’s claim thereon became extinguished, (Code Civ. Pro., § 294?), and that as the claim against the principal is extinguished that against the surety is extinguished also.
The defendant does not claim that if she were not a surety for Beakley her liability on the note would be extinguished, even though the liability of Beakley might be.
We think it is not necessary here to decide the question whether the proposed answer is a good defense. Our inquiry should rather be, whether it is offered in good faith and without loches.
There can be no doubt that it is offered in good faith. The question it presents is certainly important.
Now has there been such loches as should prevent the defendant from having the opportunity to make what she believes is a good defense. It is true that she might have pleaded this defense after May twelfth, and probably could have pleaded it as an amended answer as late as June twenty-second. But she alleges that she didn’t hear of the facts until a few days before August fourth, when 'she made her affidavit.
She was not a party to the justice’s court suit and was not chargeable with notice of it.
Section 544 of the Code provides that the court must in a proper case, and implies that it may in an improper case, grant this relief. This blundering language probably indicates that the court, whenever it can do so wisely, should permit supplemental answers. And we think that in doing this we should generally not attempt to exclude defences which might even seem hard and inequitable.
The order should be reversed and the defendant allowed to serve her proposed supplemental answer.
But there has been some want of promptness, she should therefore pay ten dollars costs of motion, and ten dollars costs of appeal and printing disbursements.
Bockes and Landos, JJ., concur.